IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JASON W. DUNN,

    Plaintiff,

vs.

JOHN MYRICK, *et al.*,

    Defendants.

Case No. 2:16-cv-02345-TC
OPINION AND ORDER

AIKEN, Judge:

On February 20, 2018, Magistrate Judge Coffin filed his Findings and Recommendation ("F&R"), recommending that this Court grant defendants' motion for summary judgment. Plaintiff filed objections challenging "each and every" finding of this court. Pl.'s Obj. F&R 1. That sort of generalized objection does not meet the requirements of the Federal Rules of Civil Procedure, which provide for review of a magistrate judge's F&R based on a party's "*specific* written objections." Fed. R. Civ. P. 72(b)(2) (emphasis added).

Plaintiff does, however, make some more specific objections; I will address those arguments *de novo*. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004). Plaintiff's primary argument is that symptoms from his severe mental illnesses and side effects from the medications he takes to manage those

1 – OPINION AND ORDER

illnesses have effectively rendered administrative grievance procedures unavailable to him because he is unable to understand those procedures and comply with their technicalities. He contends that the same is true of every inmate in the mental health housing unit where he is housed at Twin Rivers Correctional Facility. Plaintiff avers that, rather than giving him and his fellow inmates the benefit of the doubt generally granted to *pro se* litigants, this Court has "decided to hold us all to the same standards as a lawyer[.]" Pl.'s Obj. F&R 2.

Having reviewed the record and Judge Coffin's careful opinion, I cannot agree that plaintiff was held to the same standard as a lawyer; rather, Judge Coffin appears to have read plaintiff's filings with the degree of flexibility required when a litigant is *pro se*.

I am sympathetic to plaintiff's frustration regarding the exhaustion requirement. As set out in detail in Judge Coffin's opinion, Oregon prisoners seeking to exhaust administrative remedies must comply with a complex, multi-step process. If a prisoner files a notice of tort claim before that process is complete, the grievance process is cut off. It is understandable that plaintiff and other *pro se* litigants like him would be frustrated by that process, and I do not doubt that those frustrations are compounded by mental illness and side effects from medication.

Nevertheless, the Supreme Court has made it very clear that exhaustion, which used to be left to the discretion of the district court, is *mandatory*. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). A primary purpose of the Prison Litigation Reform Act of 1995, which introduced the modern exhaustion requirement, was to "reduce the quantity of . . . prisoner suits." *Id.* at 94. The Supreme Court has expressly acknowledged and rejected the argument that requiring strict compliance with the state's administrative grievance process would be "harsh for prisoners, who generally are untrained in the law and are often poorly educated." *Id.* at 103. Put simply, this Court's hands are tied. Plaintiff did not pursue his grievances to the end of the administrative

process and he has not shown that the process was effectively unavailable to him. Under binding precedent, plaintiff's ADA and equal protection claims must be dismissed for lack of exhaustion.

Plaintiff also objects to Judge Coffin's oversight of the discovery process in this case and to Judge Coffin's denial of his request for appointment of counsel. A district judge "may reconsider" a discovery ruling or denial of a request for counsel "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiff asserts generally that he was denied access to critical evidence, but he does not explain what evidence he believes should have been produced. The only discovery dispute apparent from the record is plaintiff's motion to compel production of emails and letters related to plaintiff's termination from his kitchen position; Judge Coffin reasonably denied that motion based on defendants' statement that they were searching for and would produce all documents responsive to that request, with the caveat that they would not perform cumbersome system-wide hard drive searches. Having reviewed the record, I see no clear error in Judge Coffin's decisions with respect to discovery or appointment of counsel.

I ADOPT Judge Coffin's F&R (doc. 66). Defendants' motion for summary judgment (doc. 42) is GRANTED and this case is DISMISSED. **Any appeal from this Order would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is REVOKED.**

IT IS SO ORDERED.

Dated this 17 day of April 2018.

_____
Ann Aiken
United States District Judge

3 – OPINION AND ORDER